UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| DANYBELKIS VASQUEZ-RODRIGUE, ) | Criminal No. 21-cr-10010-FDS-2 |
| a/k/a "Dany," ) | |
| ) | |
| Defendant. ) | |

# GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL DATE

The United States of America, by and through the United States Attorney for the District of Massachusetts, Rachael S. Rollins, and Assistant United States Attorneys Alathea E. Porter and Stephen W. Hassink respectfully opposes the Defendant Danybelkis VASQUEZ-RODRIGUE's Motion to Continue Trial Date (hereinafter, "Defendant's Motion"). *See* Docket No. 118. Defendant's Motion seeks a continuance so that she may call co-defendant Saury RODRIGUEZ-RUIZ (hereinafter, "RODRIGUEZ-RUIZ") to testify on her behalf. The Court should deny this request.

The Defendant asks the Court to continue her trial until after the sentencing of RODRGUEZ-RUIZ, because she "expects" that RODRIGUEZ-RUIZ will testify that she "was not involved prior to RODRIGUEZ-RUIZ's arrest and that she had no expertise in drug trafficking." *See id*., at 3. There is no basis for the Defendant's stated expectation that RODRIGUEZ-RUIZ would testify in her favor. As stated in Defendant's Motion, RODRIGUEZ-RUIZ refused to speak with Defendant's counsel. *See id.,* at 2.

Moreover, the Court should deny the Defendant's Motion because, even if the Court were to continue the trial until after RODRIGUEZ-RUIZ were sentenced in this case, RODRIGUEZ-RUIZ would still have a Fifth Amendment right not to testify. A convicted defendant retains the right to

1

invoke the privilege with respect to convicted conduct, not only until after sentencing, but also until the defendant has exhausted all appeals. *See United States v. Warfield*, 97 F.3d 1014, 1020 (8th Cir. 1996) (denying motion to compel where defendant witness' appeal was pending).

Even if this Court allowed a continuance, moved the trial until after RODRIGUEZ-RUIZ had been sentenced and exhausted all appeals (which could be years from now), and then compelled him to testify, he would still have a right to invoke the privilege about matters that could incriminate him for which he has not yet been charged, convicted, sentenced, and exhausted all appeals. Here, the Defendant seeks to examine RODRIGUEZ-RUIZ about matters over which he clearly has a Fifth Amendment right not to testify because such matters could threaten to incriminate him. *See United States v. De La Cruz*, 996 F.2d 1307, 1313 (1st Cir. 1993). The Defendant anticipates that the government will offer her own statements that "she is knowledgeable about the drug trade and has been involved for two years." Defendant's Motion, at 3. The express topic about which the Defendant wishes to elicit testimony relates to drug trafficking that pre-dates (and is outside of the scope of) the crime for which RODRIGUEZ-RUIZ will have been sentenced. *See* Indictment, Docket No. 6. RODRIGUEZ-RUIZ was convicted in this case for conspiracy to distribute and to possess with intent to distribute 400 grams or more of fentanyl (Count One) and distribution and possession with intent to distribute 400 grams or more of fentanyl (Count Two). *See id.* The charged conspiracy, for which RODRIGUEZ-RUIZ will have been sentenced, took place between November 2020 and January 2021, and the charged distribution of 400 grams or more of fentanyl occurred on November 24, 2020. The Defendant seeks to ask RODRIGUEZ-RUIZ about criminal conduct that is outside of the limited timeframe charged in the Indictment. Compelling RODRIGUEZ-RUIZ to testify about such matters could certainly threaten to incriminate him. *See De La Cruz*, 996 F.2d at 1313 ("[T]estifying would also have put [the co-defendant] at risk of disclosing his involvement in other drug transactions."). It would also be improper to permit RODRIGUEZ-RUIZ to *only* testify about

matters within the timeframe of the three-month conspiracy for which he has been convicted. As the First Circuit observed in *De La Cruz*, "[t]he government, in order to challenge LaPaix' testimony exculpating De La Cruz, would almost certainly have sought to question LaPaix vigorously about other possible transactions in which LaPaix and De La Cruz were involved." *Id.* Although some courts have limited the scope of cross-examination in such situations, to do so here would be to improperly and "seriously impair" the government's ability to deliver an effective cross-examination. *See id.* ("In this case, however, effective cross-examination would have been seriously impaired if the prosecutor were denied latitude to explore the joint criminal history of De La Cruz and LaPaix… We do not think that in this case the privilege could be properly preserved by cabining the government's cross-examination.").

Finally, on August 11, 2022, the government spoke with counsel for RODRIGUEZ-RUIZ, who reported that his client intended to exercise his Fifth Amendment Right not to testify, even if called following his sentencing, and exhaustion of all appeals, in this case.

## CONCLUSION

For the forgoing reasons, this Court should deny Defendant's Motion and the trial should proceed as scheduled.

Dated: August 12, 2022	Respectfully submitted,

 	RACHAEL S. ROLLINS
 	United States Attorney

By:	*/s/ Alathea E. Porter*
 	Alathea E. Porter
 	Stephen W. Hassink
 	Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system on August 12, 2022 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            */s/ Alathea E. Porter*
                                            Alathea E. Porter
                                            Assistant United States Attorney