```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
v.                             )        No.  21-CR-10010-FDS-2
                               )
DANYBELKIS VASQUEZ-RODRIGUE    )
```

### DEFENDANT'S SECOND MOTION TO CONTINUE TRIAL DATE

Now comes the Defendant in the above-captioned case and respectfully requests that this Honorable Court continue this case, currently scheduled for trial on August 23, 2022, to allow the Defendant the opportunity to assess the accuracy of the translations provided by the Government.

The Government opposes this motion.

By August 2, 21 days before the beginning of trial, the Government provided documents ending in Bates Stamp 000671. Since that date, the Government has provided an additional 442 Bates Stamped pages of discovery to the Defendant.

The majority of the newly provided evidence is transcripts and translations from Spanish to English.  On August 17 alone, the Government provided translations of five phone calls and over 150 pages of WhatsApp messages containing voice recordings and text messages.  The Defendant must verify the accuracy of the translated statements, particularly when they are statements made by the Defendant, and evaluate how the evidence affects her trial strategy.  Additionally, many voice and text messages

amidst the translated messages were simply skipped by the Government.  The Defendant must verify that those omissions are not necessary to understanding the remainder of the communications.

As explained at the final pretrial conference, the Defendant's counsel has made every effort to review the discovery on the timeline the Government has chosen to provide it.  Counsel is simply not content to take at the Government's word the accuracy of translations of statements the Government seeks to use to convict his client.

Counsel has tasked his bilingual assistant with verifying the accuracy of the translations, then assisting counsel with going through the transcripts with the Defendant.  Even with the limited resources of a small law firm, counsel has attempted, but has had great difficulty finding, additional temporary staff to help increase the bandwidth of the review process.  As the Government continues to dump new discovery on defense counsel daily, almost all of which relates to Spanish language communications, it has become obvious that timely and effective trial preparation is impossible.

Stated simply, the Government is to blame for this difficult situation; the Defendant is not.  The Government, then, must bear the consequences of its shortcomings; the Defendant must not.

Because "[t]he language of the federal courts is English," "[p]roviding an English-language transcript ... is necessary." United States v. Morales-Madera, 352 F.3d 1, 7 (1st Cir. 2003). In 2014, the Government represented to the First Circuit that, going forward, "any recordings in Spanish [will] be transcribed and translated at the indictment stage and given to defense counsel at or shortly after arraignment." United States v. Flecha-Maldonado, 373 F.3d 170, 177-78 (1st Cir. 2004). The First Circuit warned that it would "hold the Office to that representation." Id.

Notwithstanding that representation, the Government is providing the Defendant translations, including many translations of the Defendant's own statements, on the eve of trial. The Government continues to emphasize that the recordings and messages were previously provided to the Defendant and therefore the Defendant could have reviewed and translated the communications – a position that misses the purpose behind the First Circuit's discovery requirements.

Contrary to the Government's position, because the language of the Courts is English, when the Government provides evidence in a foreign language, it has effectively not provided that evidence at all. For that reason, "[w]hen dealing with translations of foreign-language recordings, the transcripts ordinarily must be divulged to defense counsel sufficiently in

advance of trial to allow him to assess their accuracy, raise objections, and craft an informed defense strategy." United States v. Kifwa, 868 F.3d 55, 60 (2017).  The Government's discovery obligations do not stop when it provides documents or recordings in a foreign language.  Indeed, "sound trial management and considerations of fairness caution that the government provide [English translations] to defense counsel adequately in advance." Flecha-Maldonado, supra at 177 quoting Morales-Madera, 352 F.3d at 8.

     The Government seems to take the position that it can dump on the Defendant an endless number of foreign language statements, then place the burden on the Defendant to guess which statements it will use to convict her at trial.  This misapprehends the procedure which the 1st Circuit made clear almost twenty years ago in Flecha-Maldonado.  The Defendant was entitled to prepare her defense based on the disclosures which the Government provided, in the context of the rules which govern the timing of those disclosures.  Now, on a daily basis, the Government alters the landscape of the trial to the disadvantage of the Defendant and without the opportunity for the Defendant to adequately review the new information, verify its accuracy, and object if needed.

     A fair trial cannot be had on this basis.

     For these reasons, the Defendant requests a continuance of

her trial date.

                              Respectfully submitted,
                              Danybelkis Vasquez-Rodrigue,
                              By and through her Attorney,
                              /s Murat Erkan
                              Murat Erkan, BBO# 637507
                              Erkan & Associates, LLC
                              300 High Street
                              Andover, MA 01810
                              (978) 474-0054
Date: August 17, 2022    Murat@ErkanLaw.com

CERTIFICATE OF SERVICE

    I, Attorney Murat Erkan, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 17, 2022.

/s/ Murat Erkan
Murat Erkan, BBO 37507