UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DANYBELKIS VASQUEZ-RODRIGUE, a/k/a "Dany," | ) Criminal No. 21-cr-10010-FDS-2 |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO CONTINUE TRIAL DATE

The United States of America, by and through the United States Attorney for the District of Massachusetts, Rachael S. Rollins, and Assistant United States Attorneys Alathea E. Porter and Stephen W. Hassink hereby opposes the Defendant Danybelkis VASQUEZ-RODRIGUE's Second Motion to Continue Trial Date (hereinafter, the "Motion"). *See* Docket No. 125. The Motion misstates the facts and the law. It should be denied.

The Defendant asks for a continuance so that she can assess the accuracy of the translations provided by the government. The Motion is disingenuous at best, as it grossly overstates the actual amount of data to be reviewed. By citing to the bates numbers, the Defendant invites the Court to infer that the government has just produced 442 pages of translations. In reality, the translations produced mid-day on August 17, 2022, include translations from five short, recorded calls, and essentially two chat conversations: one between the Defendant and an apparent cocaine customer and one between the Defendant and the individual who she alleges threatened her.

<u>The Calls.</u>  The translations produced on August 17, 2022 relate to 5 recorded calls, and total 24 pages of actual translations, 20 of which are in large font. All of the recordings made by the government in this case, including these 5 short calls, were produced to the Defendant in automatic discovery on February 17 and 26, 2021— a year and a half ago.

1

The Chat Messages.  The Motion references over 150 pages of WhatsApp messages, without describing for the Court the format of those messages.  The government produced text message chains and WhatsApp messages in the form as it is displayed when creating a report from the cell phone extraction.  The first two pages of these reports contain only metadata from the phone extraction (not substantive messages or translations), and the last page of each report is the certification from the court-certified interpreter who prepared the translations.  The reports are formatted such that the actual substantive messages duplicate how such messages would appear on a cellular telephone screen.  The result is that each page of the report will only show 3-4 messages, most of which are as short as "okay," or "7 min."  Some messages have no content, and only indicate there was an incoming or outgoing call.  Shown below is a representative example of one full page of translation from one of the text message exchanges.  The translations appear in the white arrows:



The WhatsApp exchange that the Defendant appears to most quarrel with is the report between the Defendant and "Teka," who she claims was threatening her. This WhatsApp exchange came from the Defendant's cellular telephone, which is currently—and has always been—in her possession. In November 2021, the Defendant asked the FBI to image two of her cellular telephones, and the government complied, returning the phones to her on the same day they were imaged. On January 20, 2022, the government produced a complete forensic copy of the data extracted from the cellular phone that the messages at issue were on. Along with that production, though certainly not required, the government provided defense counsel with software that organizes the data in a viewable and searchable format (Cellebrite). Indeed, the reports at issue were created using that software.

The Defendant argues that the government "dump[ed]" "an endless number of foreign language statements" on her, and in the same breath complains that the government failed to translate everything. *See* Motion, at 2 and 4. Specifically, the Defendant asserts in her Motion that "many voice and text messages amidst the translated messages were simply skipped by the Government." *See* Motion, at 2. This claim relates to the WhatsApp messages between the Defendant and "Teka," the individual who she claims threatened her. As noted above, the Defendant has been in custody of these messages the entire time, and her counsel has had an organized and searchable version of that data for eight months. When the government reported to defense counsel that it found no evidence of threats or duress on the Defendant's phones, it invited counsel to point to any evidence that counsel was aware of that would support such claims. It strains credulity to imagine that in reviewing the discovery and evaluating the case, let alone her purported claim of duress, that counsel would not review all communications between the Defendant and her alleged aggressor. To now claim, one week before trial that they need additional time to review those messages is absurd.

Finally, the Motion misstates the law. The Defendant claims that in 2014, "the Government" represented to the First Circuit all Spanish recordings would be "transcribed and translated at the indictment stage and given to defense counsel at or shortly after arraignment," and that the First Circuit "warned that it would 'hold the Office to that representation.'" *See* Motion, at 3 (citing *United States v. Flecha-Maldonado*, 373 F.3d 170, 177-178 (1st Cir. 2014)). In fact, the reference to "the Government" and "the Office" in *Flecha-Maldonado*, was specifically to the United States Attorney's Office in Puerto Rico, and the so-called "warning" referred only to that office and the specific representation made by *that* United States Attorney. *Flecha-Maldonado*, 373 F.3d at 177-178. The First Circuit did not make a broader declaration of a rule that would apply to all districts in the circuit. Rather, the law of the First Circuit is clear that the government is required to produce translations to defense counsel "adequately in advance" of trial. *See id.* at 177. The government has done its best to do so here. Indeed, in *Flecha-Maldonado*, cited by the Defendant, the First Circuit upheld the conviction and held that it was not an abuse of discretion for the trial judge to deny a continuance where the government produced a translation to the defense <u>after the trial had already begun.</u> *See id.* at 177 (transcript delivered to counsel on the second day of trial and was introduced the next day).

Similarly, in *United States v. Kifwa* (also cited by the Defendant), the First Circuit upheld the conviction where the government provided translations on a rolling basis, including providing the final transcript the morning that trial started. 868 F.3d 55, 59 (1st Cir. 2017). In that case, the First Circuit held that, "[i]f disclosure is delayed without any suggestion of bad faith on the government's part, the critical inquiry is whether the tardiness prevented defense counsel from employing the material to good effect." *Kifwa*, 868 F.3d at 60 (internal quotations omitted). In making this determination, "a court's principle concern must be whether learning the information altered the subsequent defense strategy, and whether given the timeous disclosure, a more effective strategy would likely have resulted." *Id.* (quoting *United States v. Devin*, 918 F.2d 280, 290 (1st Cir. 1990).

In *Kifwa*, the First Circuit held that the appellant had "failed to explain convincingly how the admission of the transcripts prejudiced him," since he "was a party to all of the telephone conversations and, thus, must have been aware of their contents." *Kifwa*, 868 F.3d. at 61. The First Circuit also noted that the government turned over the actual recordings much earlier and that the appellant had the opportunity to listen to them "weeks before trial." *Id.* (noting that although defense counsel did not speak the foreign language at issue, the appellant "indisputably did," and that, at the very least, the appellant would have been able to summarize the contents of the recordings to his attorney's benefit).

Here, the Defendant has been in possession of the government recordings for a year and a half, and has been in possession of the WhatsApp and text messages since the messages were first sent or received. The Defendant was a party to all but two of the recordings at issue, and she is a native Spanish speaker; she and her counsel have had more than adequate time to review the discovery and familiarize themselves with the recordings and their content. The fact that she failed to do so is not grounds for a continuance. As described above, the quantity of translations produced on August 17, 2022 is relatively discrete, and given that she is a party to all but two of the recordings and messages, that she speaks the language, and that she has had all of the recordings for a year and a half, and has *always* had the text and WhatsApp messages, the government produced the translations adequately in advance of trial. *See Flecha-Maldonado*, 373 F.3d at 177.

## CONCLUSION

For the forgoing reasons, this Court should deny Defendant's Second Motion to Continue and the trial should proceed as scheduled.

Dated: August 18, 2022               Respectfully submitted,

                                                  RACHAEL S. ROLLINS
                                                  United States Attorney

                          By:     */s/ Alathea E. Porter*
                                                  Alathea E. Porter
                                                  Stephen W. Hassink
                                                  Assistant United States Attorneys


## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system on August 18, 2022 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                  */s/ Alathea E. Porter*
                                                  Alathea E. Porter
                                                  Assistant United States Attorney