UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | **Criminal Action No.** |
| v. | ) ) | **21-10010-FDS-2** |
| DANYBELKIS VASQUEZ-RODRIGUE, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON DEFENDANT'S MOTIONS
FOR REDUCTION IN SENTENCE**

**SAYLOR, C.J.**

On March 20 and again on April 23, 2024, defendant moved for a reduction of her sentence pursuant to the recently adopted Amendment 821 to the U.S. Sentencing Guidelines, made retroactive by 28 U.S.C. § 994(u).  (ECF Nos. 182 and 185).

At the time of sentencing, defendant received zero criminal history points, and a total offense level of 28, resulting in an advisory guideline sentence range of 78 to 97 months. Defendant was sentenced to a 45-month term of imprisonment, followed by a term of supervised release.  (ECF No. 162 at 9, 31).

Defendant might be eligible for an adjustment of her sentence as a zero-point offender whose offense is not one of those proscribed by the guidelines.  *See* U.S.S.G. 4C1.1.  Under the amended guidelines, her revised offense level is 26, resulting in a new guideline range of 63 to 78 months of imprisonment.  However, a court shall not reduce a defendant's sentence "to a term that is less than the minimum of the amended guideline range . . . ."  U.S.S.G. § 1B1.10(b)(2)(A). Because defendant already received a term of imprisonment below the minimum amended guideline sentence, the Court will not reduce her sentence under Amendment 821.

Accordingly, defendant's motions are DENIED.

2

**So Ordered.**

                                                /s/ F. Dennis Saylor IV
                                                F. Dennis Saylor IV

Dated:  April 25, 2024                         Chief Judge, United States District Court